THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHERYL MCCRAW,

           Plaintiff,

     vs.

THE OHIO BELL TELEPHONE,
COMPANY,

           Defendant.

CASE NO. 1:12 CV 1620

JUDGE DONALD C. NUGENT

MEMORANDUM OPINION
AND ORDER

This matter comes before the Court upon Defendant's Bill of Costs submitted pursuant to Fed. R. Civ. P. 54(d) and U.S.C. § 1920 (ECF #26). Plaintiff filed a brief in opposition, and Defendant has filed a reply.  The Court finds that Plaintiff has failed to establish circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party. Therefore, Defendant's Bill of Costs is GRANTED.

On July 24, 2013, the Court granted Defendant's Motion for Summary Judgment pursuant to Federal Rule 56. As the prevailing party, Defendant seeks $3,322.86 in costs divided as follows: fees for printed or electronically recorded transcripts necessarily obtained for use in the case ($3,123.86); and, fees and disbursements for printing ($199.00).  Plaintiff does not make

1

specific challenges regarding the individual costs claimed, but instead urges the Court to exercise its discretion and deny Defendant's request.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). "This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Soberay Mach. & Equipment Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999) (quoting *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986)). Departures from the rule are permitted, and the Sixth Circuit has established objective criteria for use in ordering denials of costs under Rule 54(d). *Baker v. First Tennessee Bank Nat. Ass'n*, 96-6740, 1998 WL 136560, at *2 (6th Cir. Mar. 19, 1998) (citing *White & White*, 786 F.2d at 732 and *Goostree v. Tenn.*, 796 F.2d 854, 864 (6th Cir.1986)).

The costs to which a prevailing party is entitled are set forth in 28 U.S.C. § 1920, and include, *inter alia*, (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for the case. *See* 28 U.S.C. § 1920. "It is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption" favoring an award of costs to the prevailing party. *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959). The Sixth Circuit in *White & White* described circumstances in which a denial of costs is a proper exercise of discretion under Rule 54 including: (1) cases where taxable expenditures by the prevailing party are "unnecessary or unreasonably large;" (2) cases where the prevailing party

2

should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues; (3) cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant; and, (4) cases that are "close and difficult." *White & White*, 786 F.2d at 730.

Courts have also identified factors that a court may consider, but in the absence of other factors do not warrant an exercise of discretion under Rule 54(d). These factors include the good faith of a losing party in filing an action and the "propriety with which the losing party conducts the litigation." *Coyne-Delany v. Capital Development Board of Illinois*, 717 F.2d 385, 390 (7th Cir. 1983); *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490 (7th Cir. 1982).

Here, Plaintiff cannot overcome the strong presumption in favor of awarding costs to the prevailing Defendant. Plaintiff states that she was served with Defendant's Bill of Costs six weeks after the entry of final judgment which, Plaintiff alleges, is untimely. Therefore, she argues that it would be inequitable to bill these costs. Plaintiff further asserts that the Court should consider factors set forth in *County of Suffolk v. Secretary of Interior*, 76 U.S. 469, 472 (E.D.N.Y. 1988), which are the financial need of the prevailing party for reimbursement and the burden that the imposition of costs would have on a non-affluent prevailing party. Plaintiff also contends that, according to *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 237 (1964), the Court should remain aware of the possible inhibitive effect that the imposition of costs might have on future litigants.

Upon review, the Court is not persuaded that it is appropriate to deny an award of costs on the grounds asserted by Plaintiff. First, pursuant to Federal Rules of Civil Procedure 54(d), Defendant's Bill of Costs was not untimely. Civil Rule 54 does not impose a filing deadline.

3

Further, the amount of time that expired before Defendant filed its Bill of Costs was not unreasonable.

Second, Plaintiff's inability to pay is not considered by this Court in determining whether she should pay costs. The *Lichter* decision "negates the conclusion that the ability of a party litigant to pay costs is a valid criterion in assessing them." Therefore, Plaintiff's inability to pay is irrelevant. Further, while it is in the Court's discretion to determine whether costs are allowed in a given case, the presumption is in favor of awarding costs. This Court does not find any of Plaintiff's proffered reasons compelling. In conclusion, none of the circumstances identified by the Sixth Circuit in which a denial of costs would be proper are present in Plaintiff's case and the Court is not persuaded that Plaintiff has met her burden. Further, Defendant's documentation in support of its Bill of Costs demonstrates that its costs were reasonably necessary at the time incurred. Plaintiff does not challenge the reasonableness of Defendant's costs.

Having determined that Plaintiff has failed to establish circumstances sufficient to overcome the presumption favoring an award of costs to Defendant, Plaintiff shall bear the costs incurred by Defendant in the amount of $3,322.86. The Clerk of Court is hereby instructed to impose costs in accordance with Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920 in that amount as set forth in Defendant's Bill of Costs. (ECF #26).

IT IS SO ORDERED.

*Donald C. Nugent* 10/17/13
DONALD C. NUGENT
United States District Judge

4